# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF BOARDS OF PHARMACY, *et al.*,<br><br>   Defendants. | 2:12-cv-01041-MMD -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE**<br><br>Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF BOARDS OF PHARMACY, *et al.*,<br><br>   Defendants. | 2:12-cv-01160-JCM -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE**<br><br>Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.,*<br><br>   Defendants. | 2:12-cv-01182-GMN -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE**<br><br>Application to Proceed *In Forma Pauperis* (#1) |

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | 2:12-cv-01274-MMD -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE**<br><br>Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | 2:12-cv-01275-MMD -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE**<br><br>Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | 2:12-cv-01276-JCM -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE**<br><br>Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*, | 2:12-cv-01277-MMD -VCF<br><br>**ORDER AND ORDER TO SHOW CAUSE** |

| | | |
|---|---|---|
| CHIBUEZE C. ANAEME, | ) ) ) ) ) ) ) ) ) ) ) ) | Application to Proceed *In Forma Pauperis* (#1) |
| Defendants. | | |
| Plaintiff, | | |
| v. | | 2:12-cv-01278-GMN -VCF |
| UNITED STATES OF AMERICA, *et al.,* | | **ORDER AND ORDER TO SHOW CAUSE** |
| Defendants. | | Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME, | | |
| Plaintiff, | | |
| v. | | 2:12-cv-01279-JCM -VCF |
| UNITED STATES OF AMERICA, *et al.,* | | **ORDER AND ORDER TO SHOW CAUSE** |
| Defendants. | | Application to Proceed *In Forma Pauperis* (#1) |
| CHIBUEZE C. ANAEME, | | |
| Plaintiff, | | |
| v. | | 2:12-cv-01280-MMD -VCF |
| UNITED STATES OF AMERICA, *et al.,* | | **ORDER AND ORDER TO SHOW CAUSE** |
| Defendants. | | Application to Proceed *In Forma Pauperis* (#1) |

Before the court are plaintiff Chibueze C. Anaeme's Motions/Applications to Proceed *In Forma*

3

*Pauperis* (#1)[1] and Complaints (#1-1) in the above captioned actions.

**I.      *In Forma Pauperis* Applications (#1)**

Plaintiff Anaeme asserts in each of his applications to proceed *in forma pauperis* that he is unemployed, a sole proprietor, an independent contract clinical and consultant pharmacist, and a law student. (#1). Plaintiff asserts that he makes $150 an hour, and that he "received or recieve[s] monies as gifts or loans during chance encounters with sympathizers and well-wishers in varied and unpredictable amounts." *Id.* Plaintiff has $8.00-$20 in his bank account, and his monthly expenses include: $150-$500 for transportation, $1,000 in medical bills, $300 in litigation costs, and $600 for laundry, food, and sundries. *Id.* Plaintiff states that he has medical bills of approximately $100,000, owes Household Finance Corporation $20,000, owes approximately $20,000 in credit card bills, and owes Bank of America and Wells Fargo Bank $2,000. *Id.*

During a hearing before this court in Case No. 2:12-cv-01038-GMN -VCF, the court asked plaintiff if he was currently employed, when the last time he was employed, how much he made during this employment, and in what capacity he worked. (#4)[2]. Plaintiff stated that he is not currently employed, that he last worked as a pharmacist from October 2007 - December 2007, and that he made $150 per hour during that time. *Id.* Accordingly, plaintiff's requests to proceed *in forma pauperis* are granted pursuant to § 1915(a).

**II.     Screening Plaintiff's Complaints (#1-1)**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive

---

[1] All docket numbers herein refer to the docket entries for each of the above captioned actions unless stated otherwise.

[2] The docket entry refers to the docket in Case No. 2:12-cv-01038-GMN -VCF.

4

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.     Improper Venue**

Pursuant to 28 U.S.C. § 1390(a), "the term "venue" refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general, and does not refer to any grant or restriction of subject-matter jurisdiction providing for a civil action to be adjudicated only by the district court for a particular district or districts." The proper venue for a civil action "shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2). "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omission giving rise to the claims occurred, or substantial part of property that is the subject of the action is situated..." 28 U.S.C. § 1391(b)(1) and (2).

Plaintiff filed his complaints in the United States District Court for the District of Nevada. (#1-1). Plaintiff lists several pages of defendants, but does not state that any of the defendants are residents of Nevada. *Id.* The defendants are primarily residents of Macon and Atlanta, Georgia, Tacoma,

Washington, Carmel, Indiana, La Mesa, San Diego, San Francisco, Chula Vista, Torrance, El Cajon, and Beverly Hills, California, Albuquerque, New Mexico, Jacksonville, Florida, Augusta, Maine, Denver, Colorado, Memphis, Tennessee, Newport and Portland, Oregon, Mount Prospect and Chicago, Illinois, Albany and New York, New York, and Addison and El Paso, Texas. *Id.* Based on the residency of the defendants, Nevada is not the proper venue for these actions. *See* 28 U.S.C. § 1391(b)(1).

In plaintiff's complaints, he asserts that "[t]he acts, omissions and transactions alleged to be unlawful arise within the jurisdiction of the" United States District Courts for the Northern and Middle Districts of Georgia, Northern District of Illinois, Southern and Northern Districts of California, District of Nevada[3], District of Oregon, Northern and Western Districts of Texas, District of Colorado, District of Maine, and District of Georgia. (#1-1). Based on plaintiff's assertion, "a substantial amount of the events or omissions giving rise to the claims occurred" outside of the District of Nevada, and this is not the proper venue under 28 U.S.C. § 1391(b)(2). *Id.*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). *Sua Sponte* dismissal based on improper venue is

---

[3] In Case Nos. 2:12-cv-01160-JCM -VCF, 2:12-cv-01276-JCM -VCF, 2:12-cv-01278-GMN -VCF, and 2:12-cv-01280-MMD -VCF plaintiff asserts that acts and omissions occurred in the District of Nevada. (#1-1). However, upon a review of the complaints, plaintiff does not allege that any wrongful acts took place in Nevada, and only mentions Nevada when he seeks permission to amend his complaint, as "applicable relevant information" may "become available to him as severally crucial applicable evidence are currently converted by...Reno, Nevada and U-Haul International, Inc." *Id.* The fact that evidence *may* be located in a district, does not satisfy the requirements of 28 U.S.C. § 1391(b)(1) and (2) that the district must be one where "a substantial part of the events or omission giving rise to the claims occurred, or [a] substantial part of property that is the subject of the action is situated..." In Case Nos. 2:12-cv-01275-MMD -VCF and 2:12-cv-01277-MMD -VCF, plaintiff states that acts and omissions occurred in the District of Nevada, but fails to allege in the body of the complaints any wrongful acts that took place in this district and does not mention Nevada. Plaintiff has not satisfied the requirements of 28 U.S.C. § 1391(b)(1).

appropriate where "the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams,* 465 F.3d 1210, 1217 (10th Cir. 2006). Upon a review of plaintiff's complaints (#1) and history as a litigant in Federal Court, as discussed below, the court finds that transferring this action to a federal district where venue is proper is not "in the interest of justice." *Id; See* 28 U.S.C. § 1404(a).

### B. Transferring Not Proper - Instant Complaints and History

#### 1. Plaintiff's Actions Before This Court

Plaintiff filed fourteen (14) actions in this court since September 28, 2011, some of which are not before the undersigned Magistrate Judge. The allegations in the complaints fall into four (4) categories: (1) transfer of plaintiff's pharmacy license (2:11-cv-01572-PMP -RJJ, 2:11-cv-01573-JCM -PAL, 2:12-cv-01041-MMD-VCF, 2:12-cv-01160-JCM-VCF, 2:12-cv-01162-GMN-VCF, 2:12-cv-01275-MMD -VCF, and 2:12-cv-01276-JCM -VCF), (2) attorneys not returning documents to plaintiff (2:12-cv-01038-GMN -VCF and 2:12-cv-01279-JCM -VCF), (3) a dispute over a storage unit agreement, (2:12-cv-01182-GMN -VCF, 2:12-cv-01277-MMD -VCF, 2:12-cv-01278-GMN -VCF, and 2:12-cv-01280-MMD -VCF), and (4) a dispute arising out of the purchase of a Toyota Sienna (2:12-cv-01274-MMD -VCF). This court denied *in forma pauperis* in two of plaintiff's actions (2:11-cv-01572-PMP -RJJ and 2:12-cv-01162-GMN-VCF) and granted *in forma pauperis* and either recommended dismissal of or dismissed the complaint in two of plaintiff's actions (2:11-cv-01573-JCM -PAL and 2:12-cv-01038-GMN -VCF). The remaining actions have been transferred to the undersigned Magistrate Judge.

Each of plaintiff's complaints before the undersigned Magistrate Judge are between forty-eight (48) to sixty (60) pages long, name between forty-seven (47) to one-hundred and twenty-one (121) defendants (many of which are the same), and seek relief against other parties that are not named as defendants. (#1-1). The claims are disjointed, repetitive, and exceptionally difficult to follow. *Id.* Not only are the allegations and claims within plaintiff's complaints (#1-1) repetitive, but the actions

themselves are duplicative of each other (as evidenced by the categories of topics discussed above) and of actions filed and dismissed in other districts (discussed below).

### 2.     Plaintiff's Filing History In Other Districts

In 2011, plaintiff filed three actions in the District of Southern California (3:11-cv-1906-JAH-WVG, 3:11-cv-1808-JAH-BLM, and 3:11-cv-1605-LAB-MDD) naming several of the same defendants named in the actions before this court. All three of plaintiff's complaints in California were dismissed *sua sponte.* Case Nos. 2:12-cv-01038-GMN -VCF and 2:12-cv-01279-JCM -VCF filed in this court are nearly identical to an action plaintiff filed in the United States District Court for the District of Colorado on February 22, 2012 (Case No. 1:12-cv-00460-LTB) (hereinafter the "Colorado Action"). In the Colorado Action, plaintiff asserted that attorneys who represented him in the State of New Mexico refused to return his files to him.  (#9)[4].  Upon a review of the plaintiff's complaint, the court in the Colorado Action dismissed the action for lack of proper venue and ordered plaintiff to show cause why he should not be enjoined from filing any future vexatious and frivolous filings in the District of Colorado. *Id.*  The court found that transferring the action was inappropriate due to the nature of the complaint before the court and plaintiff's filing history. *Id.*

The court found that plaintiff's complaint could not survive because it (1) was ninety-two pages long, (2) was  filled with "disjointed and repetitive" claims, (3) listed over 200 individuals in the complaint and only named five as defendants, (4) was incomprehensible, and (5) did not satisfy jurisdictional requirements. *Id.*  The court in the Colorado Action also addressed plaintiff's ability to file actions in that district. *Id.*  The court noted that based on the docket from the  United States District of New Mexico, plaintiff is "conditionally barred from initiating *pro se* lawsuits in the State of New Mexico without prior approval from the court or representation by a licensed New Mexico attorney..." *Id.*  In barring plaintiff, the New Mexico court found that, prior to 2005, plaintiff filed fifteen (15) actions in the District of New Mexico against various private individuals and governmental entities,

---

[4] Docket numbers in this section refer to the docket in the Colorado Action (Case No. 1:12-cv-00460-LTB).

with another four (4) actions being removed to the District of New Mexico. *Id.* Many of plaintiff's actions that were filed or removed to the New Mexico court named the same entities and individuals, alleged the same claims for relief, and were based on the same factual allegations. *Id.* The New Mexico court attached an appendix to its order enjoining plaintiff, which described plaintiff's history of "frivolous and vexatious" litigation. *Id.* The Colorado court attached the same to its order. *Id*.

The Colorado court gave plaintiff thirty 30) days to show cause why he should not be enjoined from future filings. *Id.* On April 16, 2012, plaintiff filed his response to the order to show cause. (#11). On April 30, 2012, the court issued an order imposing filing restrictions on plaintiff. (#12). The Colorado court stated that nothing plaintiff asserted in his response (#11) "shows good cause why the [c]ourt should not subject him to filing restrictions." *Id.*

### C.     Order To Show Cause - Relevant Law

#### 1.     Dismissal of Claims

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court "shall dismiss the case at any time if the court determines that . . . the action . . . (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" when applied to a complaint embraces not only the inarguable legal conclusion but also the fanciful factual allegation. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). While an *in forma pauperis* complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

#### 2.     Requirements for Vexatious Litigant Order

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d

1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863–64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986). In doing so, the court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* at 864.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.2d at 1148. However, the Ninth Circuit has cautioned the district courts by recognizing that vexatious litigant orders are an extreme remedy, and should rarely be entered. *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F. 2d 1515, 1523-26 (9th Cir. 1984)). This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

. . .

### 3. Enjoining Vexatious Litigant

If a litigant is deemed vexatious, he/she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by *any court*; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of the order deeming the litigant vexatious must be attached to any application. Failure to fully comply will be sufficient grounds for denial of the application. *De Long v. Hennessey*, 912 F.2d 1144, 1146–47 (9th Cir. 1990).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Chibueze C. Anaeme's Motions/Applications to Proceed *In Forma Pauperis* (#1) are GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the actions to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that plaintiff show cause why the United States District Court for the District of Nevada should not enjoin plaintiff, in the manner described in Sections II(C)(2) and (3) above, from filing any future *pro se* actions in this district and should not DISMISS his complaints.

. . .

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that plaintiff must file a response to this order on or before October 10, 2012.  If plaintiff fails to file a response, the court will issue a report and recommendation recommending that the court enter an order dismissing the above captioned actions *with prejudice* and enjoining plaintiff from filing in this district.

DATED this 6th day of September, 2012.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**